UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOUTHERN UTAH WILDERNESS ALLIANCE, *et al*, | ) ) ) ) |
| Plaintiffs, | ) ) Case Number: 1:2020-CV-3654-RC |
| v. | ) ) ) |
| DAVID BERNHARDT, SECRETARY, U.S. DEP'T OF THE INTERIOR, *et al.,* | ) ) ) |
| Federal Defendants, | ) ) |
| and | ) ) |
| PURE HELIUM, LLC, | ) ) |
| Intervenor-Defendant. | ) ) |

**INTERVENOR-DEFENDANT PURE HELIUM'S
ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Intervenor-Defendant, Pure Helium, LLC (Pure Helium), submits this Answer to the Second Amended Complaint filed by Plaintiffs Southern Utah Wilderness Alliance, Natural Resources Defense Council, Center for Biological Diversity, and Living Rivers (Plaintiffs). ECF No. 47. Pure Helium's Answer follows the format and wording of Plaintiffs' Second Amended Complaint.

Pursuant to the Court's February 12, 2021 Minute Order, "because this is a record-review case in which the Court does not make findings of fact and because no response is required to legal conclusions or characterizations of documents, statutes, regulations, or other legal authorities," Pure Helium does not respond to paragraphs preceding Plaintiffs' legal counts and responds to the claims for relief, and asserts affirmative defenses.

1

## "FIRST CAUSE OF ACTION"

*"Violation of NEPA: Failure to Analyze and Disclose Cumulative Impacts of Oil and Gas Leasing and Development"*

97. Pure Helium incorporates by reference all preceding paragraphs as if set forth fully herein.

98. The allegations constitute legal conclusions to which no response is required, and purport to characterize and quote from NEPA's implementing regulations which speak for themselves and are the best evidence of their content.

99. The allegations constitute legal conclusions to which no response is required, and purport to characterize and quote from NEPA's implementing regulations which speak for themselves and are the best evidence of their content.

100. Deny.

101. Deny.

102. Deny.

## "SECOND CAUSE OF ACTION"

*"Violation of NEPA: Failure to Analyze and Disclose Cumulative Impacts in the Twin Bridges EA"*

103. Pure Helium incorporates by reference all preceding paragraphs as if set forth fully herein.

104. Deny.

105. Deny.

106. Deny.

107. Deny.

108. Deny.

## "THIRD CAUSE OF ACTION"

*"Violation of the APA: Failure to Provide a Reasoned Explanation Prior to Reversing Course on the San Rafael Desert MLP"*

109. Pure Helium incorporates by reference all preceding paragraphs as if set forth fully herein.

110. The allegations constitute legal conclusions to which no response is required, and purport to characterize and quote from *Federal Communications Commission v. Fox Television Studios, Inc.*, 556 U.S. 502, 515-16 (2009), which speaks for itself and is the best evidence of its content.

111. Pure Helium denies the allegations in the first sentence. The allegations in the second sentence purport to characterize and quote from Federal Register notice, 81 Fed. Reg. 31,252, 31,253 (May 18, 2016), which speaks for itself and is the best evidence of its content.

112. The allegations purport to characterize and quote from Federal Register notice 81 Fed. Reg. 31,252, 31,253 (May 18, 2016), which speaks for itself and is the best evidence of its content.

113. Pure Helium lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences and on that basis denies. Pure Helium denies the allegations in the third sentence.

114. Deny.

## "FOURTH CAUSE OF ACTION"

*"Violation of NEPA: Failure to Prepare NEPA Analysis Prior to Reversing Course on the San Rafael Desert MLP"*

115. Pure Helium incorporates by reference all preceding paragraphs as if set forth fully herein.

116. The allegations constitute legal conclusions to which no response is required, and purport to characterize and quote from NEPA and its implementing regulations which speak for themselves and are the best evidence of their content.

117. The allegations constitute legal conclusions to which no response is required, and purport to characterize and quote from NEPA's implementing regulations which speak for themselves and are the best evidence of their content.

118. Pure Helium lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence and on that basis denies. Pure Helium denies the allegations in the second sentence.

119. Deny.

## "PRAYER FOR RELIEF"

The remaining allegations constitute Plaintiffs' request for relief to which no response is required. Pure Helium denies Plaintiffs are entitled to the requested relief or to any relief whatsoever.

## GENERAL DENIAL

Pure Helium denies any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. This Court lacks subject matter jurisdiction to review some or all of Plaintiffs' claims.

3. Plaintiffs lack standing.

4. One or more claims is not ripe.

5. One or more claims is moot.

6. One or more claims is time-barred by a statute of limitation.

7. Plaintiffs have failed to exhaust their administrative remedies with regard to one or more of their claims.

DATED this 12th day of March, 2021.

        Attorneys of Record for Pure Helium, LLC

By: */s/ Alison D. Garner*
    Alison D. Garner (D.C. Bar No. 983858)
    garner.alison@dorsey.com
    Mark Benjamin Machlis (*pro hac vice*)
    machlis.ben@dorsey.com
    DORSEY & WHITNEY LLP
    111 S. Main Street, Suite 2100
    Salt Lake City, UT 84111
    Telephone: (801) 933-7360
    Facsimile: (801) 933-7373